**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TECHNOLOGY RISK RETENTION GROUP, INC., an Arizona corporation, CORGI INSURANCE SERVICES, INC., a Delaware corporation, | |
| *Plaintiffs,* | |
| v. | C.A. No. 26-426-RGA |
| VOUCH, INC., a Delaware corporation, VOUCH SPECIALTY INSURANCE SERVICES, LLC, a Delaware limited liability company, VOUCH US INSURANCE SERVICES HOLDINGS, LLC, a Delaware limited liability company, VOUCH RISK MANAGEMENT SERVICES, LLC, a Delaware limited liability company, KELLY WULFF, an individual, AUGMENTA ADVISORY, LLC, a Delaware limited liability company, | JURY TRIAL DEMANDED |
| *Defendants.* | |

**PLAINTIFFS' MOTION TO STRIKE EXTRANEOUS ACCUSATIONS
IN DEFENDANTS' MOTION TO DISMISS BRIEFING**

Plaintiffs Technology Risk Retention Group, Inc. ("TRRG") and Corgi Insurance Services, Inc. ("Corgi" and together with TRRG as "Plaintiffs") respectfully move the Court, pursuant to Federal Rule of Civil Procedure 12(f) and 12(d) and the Court's inherent authority to manage the proceedings before it, to strike or, in the alternative, to declare that the Court will disregard the extraneous accusations set forth in Defendants' Opening Brief in Support of Defendants' Motion to Dismiss First Amended Complaint, D.I. 28, at 2, specifically the paragraph beginning "In fact, the evidence will ultimately show" and concluding "at the appropriate time and place," together with footnote 3 and its embedded hyperlink to an internet article.

1

ME1\62284951.v1

## INTRODUCTION

Plaintiffs' First Amended Complaint ("FAC") alleges that Defendants misappropriated trade secrets through a pretextual insurance application submitted by a shell entity created by Vouch's Chief Legal Officer.  D.I. 24 ¶¶ 28–38.  Plaintiffs' initial Complaint was predicated on the same allegations.  *See* D.I. 1.  Defendants moved to dismiss twice. D.I. 21-22, 27–28.

The introduction to each of Defendants' supporting briefs presents extraneous and untested factual accusations against a non-party co-founder and officer of Corgi, *see* D.I. 22 at 2; D.I. 28 at 2 (the "Extraneous Accusations"), that Defendants tacitly acknowledge have no place at the Rule 12 stage.  The Extraneous Accusations bear no relationship whatsoever to Defendants' Rule 12 defenses, the proof of which is the fact that Defendants present the Extraneous Accusations only in their introduction and do not reference them anywhere else in their briefs.  Defendants notably offer no support for the Extraneous Accusations with a pleading, affidavit, or judicially noticeable material.  Defendants instead admit the Extraneous Accusations, even if properly before the Court, "will be the subject of discovery and proof at the appropriate time and place," yet they nevertheless offer a conclusory prediction of what "the evidence will ultimately show" without the benefit of discovery.  *See* D.I. 22 at 2; D.I. 28 at 2.  Defendants further present a hyperlink to an internet article reporting on what unnamed "industry insiders" may have said about Corgi's offerings, D.I. 24 at 2 n.3; D.I. 28 at 2 n.3, as supposed proof of the Extraneous Accusations.

The Extraneous Accusations should be stricken under Rule 12(f).  Alternatively, the Court should declare under Rule 12(d) that the Extraneous Accusations will not be considered in addressing and resolving Defendants' pre-answer motions. The Extraneous Accusations serve no legitimate litigation function in the context of this case in its current posture.  Defendants have not answered the FAC, and therefore have not asserted any affirmative defenses or counterclaims, and the Extraneous Accusations are immaterial and impertinent to Defendants' Rule 12(b)(6) dismissal

2

arguments.  The Extraneous Accusations are also scandalous in that they portray Corgi and Corgi's co-founder and Chief Operating Officer in a negative light in the hopes of prejudicing Plaintiffs during this Court's review of Defendants' motion to dismiss and corresponding motion to compel arbitration.  Defendants tacitly acknowledge the truth of the foregoing by conceding that the Extraneous Accusations require discovery and therefore have no place at the Rule 12 stage.

The media attention paid to the Extraneous Accusations further suggests that Defendants placed them in legal briefing for extrajudicial purposes.  The Extraneous Accusations appeared in an industry-press article the day they were filed.  Furthermore, Plaintiffs previously advised Defendants in writing that the Extraneous Accusations presented inappropriately in their motion to dismiss were factually inaccurate. Notwithstanding that information, Defendants presented the Extraneous Accusations in their motion to dismiss briefing and commented on them in the press.

Plaintiffs respectfully request that the Extraneous Accusations, including the footnote with a hyperlink to a news article be stricken or, at minimum, be disregarded by the Court.

## **RELEVANT BACKGROUND**

Plaintiffs' initial Complaint and the FAC allege, in sum, that Vouch's Chief Legal Officer created a shell Delaware entity and submitted a pretextual insurance application to misappropriate Plaintiffs' trade secrets.  *See* D.I. 1, 24.  Defendants twice moved to dismiss. D.I. 21-22, 27–28.

The second page in each of Defendants' supporting motion to dismiss brief, before any legal argument, makes the following Extraneous Accusations:

- "the evidence will ultimately show that it was Corgi (not Vouch) that unlawfully used competitive information to get a head start";

- that in 2024 Corgi's co-founder "twice navigated through Vouch's online insurance application flow," "toggled various coverages," and "obtained a half-dozen unique price quotes";

- that another Corgi employee "did the same thing"; and

- that "industry insiders recently pointed out that Corgi's new insurance application flow and offerings looked nearly identical to Vouch's," citing, in footnote 3, a hyperlink to an article on an insurance-industry website. D.I. 28 at 1–2 & n.3.

D.I. 22 at 2; D.I. 28 at 2.  The passage closes: "To put it simply: Corgi's co-founder Ms. Yuan engaged in precisely the conduct that Corgi falsely accuses Defendants of carrying out. This will be the subject of discovery and proof at the appropriate time and place." *Id.* at 2.

None of the Extraneous Accusations is included in, or drawn from, the initial Complaint or FAC.  None of the Extraneous Accusations are supported by a pleading, or declaration submitted with the motion to dismiss, or by any material of which judicial notice could be taken.  And none of the Extraneous Accusations are referenced in the dismissal briefing beyond the introduction. For the avoidance of doubt, Plaintiffs dispute the veracity of the Extraneous Accusations.[1]

The Extraneous Accusations appeared in trade press in lockstep with the filings.

On April 23, 2026, nine days after the initial Complaint was filed, an industry publication ran an apparent exclusive reporting that Vouch called the Complaint false and accused Corgi of a public-relations campaign aimed at misleading the public.

---

[1] Plaintiffs present the following factual proffer, which conforms with what Plaintiffs advised Defendants on May 7, 2026 (*see* Ex. A), only so the Extraneous Accusations lodged against non-parties do not stand unanswered on the public docket.  Emily Yuan is a co-founder of Corgi.  Ms. Yuan also founded Basket Entertainment.  Ms. Yuan sought insurance from Vouch for each of Corgi and Basket Entertainment, Inc. ("Basket Entertainment") in 2024. In March 2024, and applied for insurance coverage using her basket.holdings email address.  Later in 2024, as Corgi prepared to launch and needed commercial insurance of its own, Ms. Yuan requested quotes from Vouch using her corgi.insure email address.  There is no veracity to Defendants' accusations that Ms. Yuan's legitimate insurance applications resemble, in any way, what Plaintiffs have alleged against Vouch's Chief Legal Officer.  Defendants' other accusation that another, unnamed, Corgi employee did the same thing that is alleged by Plaintiffs "using his Corgi email address," *id.*, refutes itself: requesting a quote from an employer-branded email address is the antithesis of concealment. And the accusation's vagueness illustrates why extra-pleading assertions are inappropriate.

4

## Exclusive: Vouch hits back at Corgi suit, says rival 'rushed to court' with 'false' claims in 'PR campaign'

By James Thaler

Published: Thu 23 Apr 2026

Vouch has denied the trade secret allegations brought against it by rival insurtech Corgi Insurance Services, calling the complaint false and accusing Corgi of mounting a deliberate public relations campaign to mislead the public and damage its reputation rather than pursue a legitimate legal claim.

https://www.theinsurer.com/ti/news/exclusive-vouch-hits-back-at-corgi-suit-says-rival-rushed-to-court-with-false-2026-04-23/ (last visited July 31, 2026).

On April 24, 2026, Defendants raised the substance of the Extraneous Accusations for the first time during an initial meet and confer. Ex. A. Plaintiffs responded in writing on May 7, 2026, advising Defendants that the substance of the Extraneous Accusations was factually inaccurate. *Id.* Defendants responded on May 18 only to repeat a request to preserve information. *Id.*

On June 4, 2026, Defendants filed their initial motion to dismiss brief that included the Extraneous Accusations. D.I. 22 at 2. The same industry publication as before ran a second article reporting on the Extraneous Accusations.

## Vouch says Corgi co-founder probed its platform first, two years before the trade secret suit

By James Thaler

Published: Thu 4 Jun 2026

   

Vouch has alleged that Corgi Insurance co-founder Emily Yuan covertly worked through its online quote system in 2024 to extract competitive pricing, accusing the carrier's chief operating officer of the very conduct Corgi sued Vouch for over two years later.

https://www.theinsurer.com/ti/news/vouch-says-corgi-co-founder-probed-its-platform-first-two-years-before-the-trade-2026-06-04/ (last visited July 31, 2026). Plaintiffs declined to comment.

On July 10, 2026, Defendants renewed the Extraneous Accusations. *See* D.I. 28 at 2.

On July 21, 2026, Vouch posted a blog article on its website entitled "Vouch Bites Back: Moves to Dismiss Corgi Lawsuit and Alleges Corgi Co-Founder Probed Vouch's Platform to Get Head Start." Ex. B. Vouch repeated the Extraneous Accusations in that blog article under the heading "Corgi's Alleged Misuse of Vouch's Platform" and self-characterized the Extraneous Accusations as "level[ing] a striking counter-accusation" against Corgi. *Id.*

## **ARGUMENT**

The relief Plaintiffs seek is modest: excision, or exclusion, of two paragraphs and a footnote that Defendants concede are misplaced. On a Rule 12(b)(6) motion, a court "may not consider matters extraneous to the pleadings" apart from narrow exceptions for documents integral to the complaint and matters of public record. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Rule 12(d) enforces that boundary: if matters outside the pleadings are presented and not excluded, the motion must be converted to one for summary judgment, with the procedural protections conversion entails. Fed. R. Civ. P. 12(d). Rule 12(f) separately authorizes

ME1\62284951.v1

the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiffs acknowledge that Rule 12(f), by its terms, addresses matters in a "pleading," and that a brief is not a pleading under Rule 7(a). But district courts possess inherent authority to manage their proceedings and their dockets, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991), and other district courts have exercised that authority to strike or disregard improper matter submitted in connection with motions.[2]

### A. Defendants' Accusations Should be Stricken Under Rule 12(f).

The Court has significant discretion in determining whether to strike material under Rule 12 notwithstanding that striking material is awarded sparingly. *See Mandija v. Capano Homes, Inc.*, 2018 WL 11532626, at *1 (D. Del. July 24, 2018). "A court will generally not grant a motion to strike unless the material to be stricken bears no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Id.* (internal quotations omitted). The Extraneous Accusations lodged by Defendants in their dismissal briefing have no relation to this case in its current configuration and are intended to prejudice Corgi.

As an initial matter, the Extraneous Accusations lodged by Defendants in their introduction fail every test for consideration on a motion to dismiss. They do not appear in, and are not integral to, the FAC. The Extraneous Accusations are also unsupported. They rest on counsel's prediction of what future evidence will prove (notwithstanding Defendants' concession that discovery is necessary) and otherwise rely on an internet article purporting to report the impressions of unnamed "industry insiders." Neither of these is a proper subject of judicial notice.

---

[2] *See, e.g., Thomas v. Keystone Real Est. Grp. LP*, 2015 WL 1471273, at *3 (M.D. Pa. Mar. 31, 2015) (striking an entire motion and its accompanying brief because the documents were riddled with hyperbolic characterizations and profane language having no relation whatsoever to the matter addressed); *Sprint Commc'ns Co. L.P. v. Cox Commc'ns Inc.*, 302 F. Supp. 3d 597, 626 (D. Del. 2017) (striking the words "which is incorporated by reference" in a brief because it would "technically increase the length" beyond what is permitted); *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 64, 613–14 (3d Cir. 2018) (upholding district court decision to strike non-responsive paragraphs from non-movant's answer to statement of material facts).

7

The Extraneous Accusations are immaterial and impertinent to this controversy in its current posture. "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Vite Techs., LLC v. Smith & Nephew, Inc.*, 2015 WL 4486785, at *2 (D. Del. July 23, 2015). "Impertinent matter consists of statements that do not pertain, and are not necessary to the issues in question." *Id.* No count of the FAC implicates Ms. Yuan, let alone the Extraneous Accusations. Even if the Extraneous Accusations were true, it would not render Plaintiffs' allegations implausible; supply a cognizable pleading stage defense; or otherwise bear on Defendants' motion to dismiss. Defendants acknowledge the immateriality and impertinence of the Extraneous Accusations by asserting them only in the introduction.

Defendants' presentation of the Extraneous Accusations is an intentional effort to cast Ms. Yuan and Plaintiffs in a "derogatory light" at the outset of this case. *See Vite Techs.*, 2015 WL 4486785, at *2 (defining "scandalous" as such for purposes of a Rule 12(f) motion). Inclusion of the Extraneous Accusations is indeed an invitation for the Court to prejudge Plaintiffs' credibility, as well as the credibility of its claims, on the basis of untested and unaverred assertions. *Id.* This prejudice is amplified by the fact that Defendants included the Extraneous Accusations in dismissal briefing *after* Plaintiffs advised in writing their substance was inaccurate. *See* Ex. A. Defendants notably never questioned Plaintiffs' factual presentation and did not answer the Complaint or assert affirmative defenses or a counterclaim. Defendants chose instead to seek dismissal and to compel arbitration, as is their right, but nevertheless featured the Extraneous Accusations in the introduction of their dismissal briefs. Even if the Court declines Defendants' invitation to prejudge Plaintiffs' credibility, the existence of the Extraneous Accusations in the record prejudices Plaintiffs. Defendants' primary pleadings stage defense is that this dispute should be resolved in

8

arbitration and not in a public forum.  Accordingly, if Defendants are correct and this dispute is compelled to a private arbitration, the Extraneous Accusations will remain in the public record.

Including the Extraneous Accusations in dismissal briefing despite their irrelevance to Defendants' primary arbitration defense and the Rule 12(b) defenses argued begs the question: why did Defendants include the Extraneous Accusations at all?  Plaintiffs submit it was to serve a public-relations campaign rather than a legitimate litigation function.  Defendants' comments regarding the veracity of the Complaint were publicized in the industry press in an exclusive article.  It is no coincidence that the same industry publication issued another article that reported on the Extraneous Accusations on the same day Defendants filed their dismissal papers.  Nor is it a coincidence that Vouch self-reported the Extraneous Accusations in a blog post on its website revealing its intent to "level a striking counter-accusation" against Corgi.  *See* Ex. B.

A legal brief's introduction is not a press release.  Nor is it a vehicle for placing untested and unpled accusations against a non-party into the public record. Striking the Extraneous Accusations protects the integrity of the Court's process and is warranted in these circumstances.

### B. Alternatively, The Court Should Exclude The Material Under Rule 12(d) And Confine The Briefing To The Pleadings.

If the Court declines to strike the Extraneous Accusations, Plaintiffs respectfully request the Court confirm it will exclude them from consideration under Rule 12(d) and will decide the motion to dismiss on the pleadings and properly noticeable materials alone. Plaintiffs do not request conversion to summary judgment, nor do Plaintiffs seek sanctions at this time.  Plaintiffs ask only that the boundary Rule 12(d) draws be observed, in the current briefing and in any further briefing on Defendants' motions.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and strike the Extraneous Accusations set forth in D.I. 22 at p.2 and D.I. 28 at p.2, beginning with "In fact, the evidence will ultimately show" and ending "at the appropriate time and place," together with footnote 3.  Alternatively, Plaintiffs request that the Court exclude and disregard the Extraneous Accusations in adjudicating Defendants' motion to dismiss and corresponding motion to compel arbitration, and grant such further relief as the Court deems just.

Dated: July 31, 2026

McCARTER & ENGLISH, LLP

*/s/ Travis J. Ferguson*
Travis J. Ferguson (No. 6029)
Amy R. Harriman (No. 7602)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
tferguson@mccarter.com
aharriman@mccarter.com

*Counsel for Plaintiffs*

10

ME1\62284951.v1