# EXHIBIT A

**Ferguson, Travis**

| | |
|---|---|
| **From:** | Cody Gray <CGray@keker.com> |
| **Sent:** | Monday, May 18, 2026 3:28 PM |
| **To:** | Ferguson, Travis; Warren Braunig |
| **Cc:** | RVrana@ycst.com; PKingery@ycst.com; Harriman, Amy R. |
| **Subject:** | RE: Corgi v. Vouch |

<p style="text-align:center; color:red; font-weight:bold;">EXTERNAL EMAIL | STOP | VERIFY | REPORT</p>

Travis, Amy,

Thank you for confirming that your clients have implemented a litigation hold and are preserving all documents that potentially relate to Vouch's dispute with Corgi and its employees, including, but not limited to, Ms. Yuan and Mr. Bregman.  As noted in my April 24, 2026 correspondence, the preservation demands set forth in that email are not intended to be exhaustive of the scope of potentially relevant documents and information that should be preserved.  To that end, please confirm that your clients are preserving all documents and communications that exist on corporate and/or personal devices, from January 1, 2024 to the present, related to the following additional topics:

- All policies and policy-related documents that originated from Corix, Vouch, Hiscox, NEXT, or any other insurance carrier
- The creation of Corgi's website and the content it contains, including all prior versions of Corgi's website to date
- Comparisons between Corgi's website, offerings, application flow questions and/or products, and those offered by Vouch
- Any possession or use of Vouch information (including, but not limited to, Vouch policies and/or Vouch website content) during the design, creation or marketing of any Corgi products and/or services
- Any competitive intelligence obtained about Vouch and its products and/or services
- Sales, marketing or PR materials or plans, or communication guidelines, that pertain to, or mention, Vouch, its products, or its services
- Any Corgi access to any Vouch website, product, policy, or service, including, but not limited to, records of any web-crawling or bot activity on any Vouch platform or website, and records reflecting access by anyone associated with Corgi to any Vouch website, Vouch product, Vouch policy, or Vouch service
- Any insurance policies and/or insurance applications submitted and/or obtained by Basket Holdings, Inc. and/or any additional companies associated with Emily Yuan, including but not limited to another application submitted by her in or about March 2024

As before, this list is not intended to be exhaustive of the scope of information that should be preserved.  Vouch reserves all rights, including the right to request preservation of additional categories of documents.

Best,
Cody

---

**Cody Gray**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8815 direct | 415 391 5400 main
cgray@keker.com | vcard | keker.com
He/him/his

---

**From:** Ferguson, Travis <tferguson@mccarter.com>
**Sent:** Thursday, May 7, 2026 11:58 AM
**To:** Cody Gray <CGray@keker.com>; Warren Braunig <WBraunig@keker.com>
**Cc:** RVrana@ycst.com; PKingery@ycst.com; Harriman, Amy R. <aharriman@mccarter.com>
**Subject:** RE: Corgi v. Vouch

---

**[EXTERNAL]**

*CONFIDENTIAL SETTLEMENT COMMUNICATION*
*SUBJECT TO FRE 408 AND ALL EQUIVALENTS*

Hi Warren and Cody,

Apologies for my delayed response – I've been dealing with a TRO/PI that took up much more of my time than anticipated.

My client investigated your allegations concerning Ms. Yuan and Mr. Bregman and has authorized me to present the following facts to confirm that both Ms. Yuan and Mr. Bregman accessed Vouch's platform for legitimate insurance purchasing purposes.

Ms. Yuan accessed Vouch's insurance platform on or around May 23, 2024 to obtain a legitimate quote for insurance for Corgi.  Corgi required insurance to move into its office and obtained quotes from Vouch, Hiscox, and NEXT for this purpose.  Corgi ultimately purchased a policy from NEXT because it best fit Corgi's business needs – most notably a $0 retention, which Vouch apparently did not offer.   During the quote process, Ms. Yuan asked a Vouch account manager (Devin Wright) to provide a separate quote for just a Commercial General Liability policy because the other lines of insurance requested for quote appeared to be expensive and a CGL policy was Corgi's most pressing need.

Mr. Bregman is employed by a Corgi subsidiary that is unrelated to insurance and did not begin his employment with Corgi until April 2025.  Mr. Bregman accessed Vouch's insurance platform prior to his employment with Corgi to obtain a quote for his startup, Lazul Software, Inc., which still exists today.

My client also notes that Corgi did not offer insurance policies comparable to those requested of Vouch until early-2026, i.e., there would be no reason for Ms. Yuan or Mr. Bregman's to access Vouch's platform in May 2024 for the speculated reason of designing competing products.

2

I trust that the above-information resolves your client's concerns.  Nevertheless, a litigation hold is in effect and that any documents related to this matter are being preserved.  My client reserves all of its rights.

Regarding Ms. Wulff and Augmenta, what we were told seems implausible.  It's also my client's belief that the proprietary information at issue would provide direct value in the hands of an insurance broker.  Moreover, and as I previewed during our discussion, the facts my client would need to be comfortable with Ms. Wulff's story are essentially the facts we would elicit during discovery, including via deposition testimony.  My client accordingly intends to move forward with litigating the claims it asserted.

Best,
Travis



**Travis J. Ferguson | Partner**
McCarter & English, LLP
Four Gateway Center, 100 Mulberry Street | Newark, NJ 07102
Renaissance Centre, 405 N. King Street, 8th Floor | Wilmington, DE 19801

tferguson@mccarter.com | www.mccarter.com | V-Card
T 302.984.6325    M 302.518.3722

Boston | East Brunswick | Hartford | Indianapolis | Miami | Newark | New York
Philadelphia | Stamford | Trenton | Washington, DC | Wilmington

**From:** Cody Gray <CGray@keker.com>
**Sent:** Friday, April 24, 2026 6:51 PM
**To:** Warren Braunig <WBraunig@keker.com>; Ferguson, Travis <tferguson@mccarter.com>; Harriman, Amy R. <aharriman@mccarter.com>
**Subject:** RE: Corgi v. Vouch

<p style="text-align:center; color:red;"><strong>EXTERNAL EMAIL | STOP | VERIFY | REPORT</strong></p>

Travis and Amy,

It was nice speaking with you this afternoon.  I hope that the information we shared about Augmenta and Vouch addresses your client's concerns.

As we noted, our investigation has uncovered evidence that, in at least March-May 2024, Corgi co-founder Emily Yuan repeatedly accessed Vouch's insurance application flow, using multiple different email accounts; toggled various coverage and policy limits to obtain different policy quotes; obtained formal written quotes from Vouch; and communicated with Vouch customer service employees about Vouch insurance policies.  We note that these interactions took place shortly after Corgi incorporated and when it was presumably engaged in developing its product.  (It appears that other Corgi employees,

including Drew Bregman, may also have accessed Vouch's application flow during the period before Corgi publicly launched its product.)

Vouch's operative terms of use, which Ms. Yuan and others would have formally assented to when they registered on the Vouch platform, prohibit the access or use of Vouch's system "in order to enable, use, or build a similar or competitive product or service."

These facts strongly suggest that Ms. Yuan, acting on behalf of herself and/or Corgi, breached her contract with Vouch.

Accordingly, please confirm in writing that Ms. Yuan and Corgi are preserving all documents that exist on corporate or personal devices, from January 1, 2024 to the present, related to these events, including but not limited to:

- All communications with Vouch
- All records of access to Vouch
- All communications about Vouch, Vouch's products or services, or accessing Vouch for competitive purposes
- All documents obtained from Vouch through any means, including but not limited to Vouch's insurance policy documents.

Thank you for your attention to this matter.

Best,
Cody

---

**Cody Gray**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8815 direct | 415 391 5400 main
cgray@keker.com | vcard | keker.com
He/him/his

---

**From:** Warren Braunig <WBraunig@keker.com>
**Sent:** Thursday, April 23, 2026 11:18 AM
**To:** Ferguson, Travis <tferguson@mccarter.com>; Harriman, Amy R. <aharriman@mccarter.com>
**Cc:** Cody Gray <CGray@keker.com>
**Subject:** RE: Corgi v. Vouch

Travis,

Thank you for the extension.  By my calculation, that would put our response deadline at June 5.  Our side will prepare a draft stipulation.  Should we later mutually agree that more time is warranted, we can revisit then.

I will set a call for 1pm Pacific/4pm Eastern tomorrow.  I look forward to connecting.

Warren

---

**From:** Ferguson, Travis <tferguson@mccarter.com>
**Sent:** Thursday, April 23, 2026 5:01 AM
**To:** Warren Braunig <WBraunig@keker.com>; Harriman, Amy R. <aharriman@mccarter.com>
**Cc:** Cody Gray <CGray@keker.com>
**Subject:** Re: Corgi v. Vouch

**[EXTERNAL]**

---

Hi Warren,

Amy and I are available on Friday any time after 12:30 pm (ET).  Please send around an invite for the time that works best for you.

On the extension, we're ok with an initial 30-day extension.

Best,
Travis

Get Outlook for Android

---

**From:** Warren Braunig <WBraunig@keker.com>
**Sent:** Wednesday, April 22, 2026 9:50:35 PM
**To:** Ferguson, Travis <tferguson@mccarter.com>; Harriman, Amy R. <aharriman@mccarter.com>
**Cc:** Cody Gray <CGray@keker.com>
**Subject:** Corgi v. Vouch

## EXTERNAL EMAIL | STOP | VERIFY | REPORT

---

Counsel,

Our firm has been retained to represent all of the remaining defendants in the case you brought on behalf of Corgi/TRRG.  We understand the deadline to respond to the complaint is May 6.  As we are just getting up to speed, we would appreciate the courtesy of a 45-day extension on that deadline, to June 19.  Please let us know if that is agreeable.

Based on our preliminary investigation, the true facts are quite different than what you've alleged, and there are some additional facts concerning Corgi's own employees that you might want to be aware of before we all dive headlong into litigation.  If you have some time tomorrow or Friday, we would welcome the opportunity to chat.  Please let us know your availability.

Regards,
Warren

5

**Warren Braunig**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
(415) 773-6642 direct | (415) 391-5400 main
wbraunig@keker.com | vcard | keker.com

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.