**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TECHNOLOGY RISK RETENTION GROUP, INC., an Arizona corporation, CORGI INSURANCE SERVICES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>VOUCH, INC., a Delaware corporation, VOUCH SPECIALTY INSURANCE SERVICES, LLC, a Delaware limited liability company, VOUCH US INSURANCE SERVICES HOLDINGS, LLC, a Delaware limited liability company, VOUCH RISK MANAGEMENT SERVICES, LLC, a Delaware limited liability company, KELLY WULFF, an individual, AUGMENTA ADVISORY, LLC, a Delaware limited liability company,<br><br>Defendants. | C.A. No. 1:26-cv-00426-RGA |

**<u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE</u>**

August 14, 2026


OF COUNSEL:

KEKER, VAN NEST & PETERS LLP
Warren A. Braunig
Cody Gray
Jacqueline Concilla
Michaela Firmage
633 Battery Street
San Francisco, CA 94111
(415) 391-5400
wbraunig@keker.com
cgray@keker.com
jconcilla@keker.com
mfirmage@keker.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Robert M. Vrana (No. 5666)
Parks L. Kingery (No. 7416)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
rvrana@ycst.com
pkingery@ycst.com

*Attorneys for Defendants Vouch, Inc., Vouch Specialty Insurance Services, LLC, Vouch US Insurance Services Holdings, LLC, Vouch Risk Management Services, LLC, Kelly Wulff, and Augmenta Advisory, LLC*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT .......... 1

II. NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS .......... 3

III. LEGAL STANDARD .......... 4

IV. ARGUMENT .......... 5

A. Corgi's Motion is Procedurally Improper .......... 5

B. The Challenged Allegations Are Neither Immaterial, Impertinent, Nor Scandalous. .......... 8

C. Corgi Has Not Demonstrated Prejudice. .......... 12

V. CONCLUSION .......... 14

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Aoki v. Benihana, Inc.*,
839 F. Supp. 2d 759 (D. Del. 2012) .......... 11

*Bocker v. Hartzell Engine Techs., LLC*,
No. 2023 WL 415792 (D. Del. Jan. 26, 2023) .......... 12

*Boscov's Dep't Store, Inc. v. Am. Guarantee & Liab. Ins. Co.*,
546 F. Supp. 3d 354 (E.D. Pa. 2021) .......... 1

*Brown v. Am. Airlines, Inc.*,
723 F. Supp. 3d 411 (E.D. Pa. 2024) .......... 8

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) .......... 2, 6

*Damiani v. Detective Duffy*,
2017 WL 635644 (D. Del. Feb. 16, 2017) .......... 5

*Del. Health Care, Inc. v. MCD Holding Co.*,
893 F. Supp. 1279 (D. Del. 1995) .......... 4, 9

*Dufresne Spencer Grp., LLC v. Han Nara Enters. LP*,
2022 WL 1978686 (D. Del. June 6, 2022) .......... 10

*Hanzer v. Mentor Network*,
2012 WL 3095353 (D. Del. July 30, 2012) .......... 12

*Herrmann v. Atlantic Richfield Co.*,
72 F.R.D. 182 (W.D. Pa. 1976) .......... 2, 3, 12

*Joao Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*,
292 F.R.D. 167 (D. Del. 2013) .......... 8, 10

*In re Joy Global, Inc.*,
2011 WL 5865542 (D. Del. Nov. 22, 2011) .......... 7

*Karpov v. Karpov*,
307 F.R.D. 345 (D. Del. 2015) .......... 10, 12

*Loughrey v. Landon*,
381 F. Supp. 884 (E.D. Pa. 1974) .......... 11

*Novartis Pharms. Corp. v. Accord Healthcare Inc.*,
2024 WL 3339239 (D. Del. July 9, 2024) .......... 5

*Plaunt v. Perry Cnty. Child. & Youth Servs.*,
2025 WL 1585037 (M.D. Pa. June 4, 2025) ........ 1

*Southmark Prime Plus, L.P. v. Falzone*,
768 F. Supp. 487 (D. Del. 1991) ........ 11

*Sprint Communications Co. v. Cox Communications*,
302 F. Supp. 3d 597 (D. Del. 2017) ........ 7

*Sun Microsystems, Inc. v. Versata Enters., Inc.*,
630 F. Supp. 2d 395 (D. Del. 2009) ........ 2, 4, 8, 9

*Symbol Techs., Inc. v. Aruba Networks, Inc.*,
609 F. Supp. 2d 353 (D. Del. 2009) ........ 4, 10, 12

*T-Jat Sys. 2006 Ltd. v. Expedia, Inc.*,
2019 WL 4041586 (D. Del. Aug. 27, 2019) ........ 6

*Thomas v. Keystone Real Estate Group, LP*,
2015 WL 1471273 (M.D. Pa. Mar. 31, 2015) ........ 7

*Watkins v. New Castle Cnty.*,
374 F. Supp. 2d 379 (D. Del. 2005) ........ 1, 5

*Weitzner v. Sanofi Pasteur Inc.*,
909 F.3d 604 (3d Cir. 2018) ........ 7

**Rules**

Fed. R. Civ. P. 7 ........ 5

Fed. R. Civ. P. 12 ........ 5

Fed. R. Civ. P. 12(b)(6) ........ 5

Fed. R. Civ. P.12(d) ........ 5

Fed. R. Civ. P. 12(f) ........ *passim*

## I. INTRODUCTION AND SUMMARY OF ARGUMENT[1]

Three months ago, Plaintiffs Technology Risk Retention Group, Inc. and Corgi Insurance Services, Inc. (collectively, "Corgi") rushed into court, hair-on-fire, claiming that they were the victims of extraordinary corporate espionage. In the introduction to their motion to dismiss, Defendants noted that the acts Corgi alleged—in effect, filling out an insurance form on a competitor's public website—are ones that Corgi's own COO, Emily Yuan, and other Corgi employees, engaged in themselves on multiple occasions. Faced with the truth of its own conduct, Corgi now asks the court to strike those allegations against it—allegations that provide vital context for Corgi's claims and will be central to Vouch's defenses—as "impertinent" and "scandalous." They are not.

Corgi's Motion to Strike should be denied for two independent reasons.

*First*, it is procedurally improper. Rule 12(f) authorizes striking material from a "pleading," as Corgi concedes. D.I. 31 at 6–7. A brief in support of a motion to dismiss is not a pleading. Indeed, courts in this District have squarely held that "Rule 12(f) applies only to pleadings, not motions and related documents." *Watkins v. New Castle Cnty.*, 374 F. Supp. 2d 379, 394 (D. Del. 2005). As courts in this Circuit have further explained: "briefs are by their nature argumentative and sometimes contentious filings" and are not "properly the subject of a motion to strike." *Plaunt v. Perry Cnty. Child. & Youth Servs.*, 2025 WL 1585037, at *5 (M.D. Pa. June 4, 2025); *accord Boscov's Dep't Store, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 546 F. Supp. 3d 354, 361 (E.D. Pa. 2021). Corgi falls back on the Court's inherent authority, but that power exists to sanction conduct that "abuses the judicial process"

[1] Unless otherwise noted, internal quotation marks, alterations, and citations have been omitted and emphases have been added.

and must be "exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). None of those circumstances is present here. Defendants included truthful, relevant allegations in their brief. This is ordinary litigation, not an abuse of the judicial process.

*Second*, even if the Court reaches the merits, the motion fails. The challenged allegations—that Corgi's co-founder Emily Yuan navigated Vouch's online application flow to obtain competitive intelligence—are directly relevant both to Defendants' unclean hands defense and to the evaluation of Corgi's own trade secret claims. If Corgi believes it is acceptable for its executives to obtain quotes from a competitor's public platform, it cannot simultaneously claim that the same conduct by Defendants constitutes improper acquisition of trade secrets. Motions to strike are disfavored in this District and "ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009). These allegations bear a direct relation to the controversy, and, in any event, Corgi cannot show prejudice from their inclusion in Defendants' brief, because they surely will be included in Defendants' Answer (if we ever get there[2]) and Counterclaims.

As one district court in this circuit aptly put it: "[T]hose who choose to join in a lawsuit and assert claims against a defendant must be prepared to accept the legal risks and consequences of their voluntary choice. In stark and simple terms, one who throws a punch ought to be ready to receive one in return." *Herrmann v. Atlantic Richfield Co.*, 72 F.R.D. 182, 186 (W.D. Pa. 1976). Corgi's motion to strike should be denied.

---

[2] Plaintiffs' claims should be compelled to arbitration (D.I. 19, 30) or dismissed in their entirety (D.I. 28) for the reasons set forth in Defendants' motions. Defendants discuss the possibility of filing an Answer with affirmative defenses solely to respond to the instant motion and without prejudice to any of Defendants' arguments.

## II. NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS

Plaintiffs' First Amended Complaint alleges that Defendants misappropriated trade secrets through what Corgi characterizes as a pretextual insurance application submitted by a company controlled by Vouch's Chief Legal Officer, Kelly Wulff. D.I. 24 ¶¶ 28–38. Specifically, Corgi alleges that Ms. Wulff navigated Corgi's publicly available online insurance application flow, entered information to obtain insurance quotes, and thereby acquired Corgi's proprietary information for Defendants' competitive use. Corgi characterizes this conduct—in substance, filling out a form on a public website—as "corporate espionage." D.I. 24 ¶ 1.

In Defendants' Opening Brief in Support of their Motion to Dismiss the First Amended Complaint, Defendants noted in their introduction that shortly after Corgi incorporated in 2024, when it was presumably developing its product, Corgi's co-founder and COO Emily Yuan twice navigated through Vouch's online insurance application flow—using two different email addresses—toggling various coverages and obtaining a half-dozen unique price quotes. D.I. 28 at 2. At least one other senior Corgi employee did the same using a Corgi email address. *Id.* Although these facts are not pivotal to any motion-to-dismiss argument, they provide vital background context appropriate to share in a first case filing. And they will form the factual basis for Defendants' unclean hands defense and an anticipated counterclaim. Corgi asserts that these allegations are "factually inaccurate" (D.I. 31 at 5), just as Vouch denies Corgi's allegations and so informed Corgi immediately after Corgi filed its lawsuit (*see* D.I. 28 at 1–2; D.I. 31 Ex. A).

On July 31, 2026, Corgi filed the instant Motion to Strike (D.I. 31). Notably, Corgi's motion does not deny the underlying conduct; it offers only the self-serving explanation that

Ms. Yuan submitted "legitimate insurance applications" through Vouch's website for a separate company and for Corgi itself. *See* D.I. 31 at 4 n.1. Whether that explanation is credible is a question for discovery—not for resolution on a motion to strike.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter" is defined as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. 1995) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (2d ed. 1990)). "Impertinent matter consists of statements that do not pertain, and are not necessary[] to the issues in question." *Del. Health Care*, 893 F. Supp. at 1292.

As a general matter, motions to strike are "disfavored and ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sun Microsystems, Inc.*, 630 F. Supp. 2d at 402. Indeed, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009). And "[w]hen faced with allegations that could possibly serve to achieve a better understanding of [the claims] or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Del. Health Care*, 893 F. Supp. at 1292.

\\

\\

## IV. ARGUMENT

### A. Corgi's Motion is Procedurally Improper

Corgi moves to strike under Rule 12(f), but that rule authorizes striking material only from a "pleading." Fed. R. Civ. P. 12(f). A brief is not a pleading under Rule 7(a), and Corgi concedes as much. D.I. 31 at 7. Numerous courts in this district have thus held that "Rule 12(f) applies only to pleadings, not motions and related documents." *Watkins*, 374 F. Supp. 2d at 394; *see also Novartis Pharms. Corp. v. Accord Healthcare Inc.*, 2024 WL 3339239, at *1 n.2 (D. Del. July 9, 2024) ("Motions and briefs are typically not thought of as pleadings subject to motions to strike."); *Damiani v. Detective Duffy*, 2017 WL 635644, at *5 (D. Del. Feb. 16, 2017) ("Motions to strike are generally and typically used for purposes of striking allegations made in an answer or other pleading."). Rule 12(f) does not authorize the relief Corgi seeks. The motion, therefore, should be denied.

Corgi's fallback appeal to Rule 12(d) fares no better. In the alternative, Corgi asks the Court to "declare" under Rule 12(d) that it will "exclude" the challenged allegations from consideration. D.I. 31 at 2, 9. This request misapprehends Rule 12(d). That rule provides that if "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment[.]" Fed. R. Civ. P. 12(d). It is a conversion provision—not a vehicle for striking material from a brief or issuing advisory declarations about what the Court will or will not "consider." The allegations, moreover, provide context for Defendants' defenses; they are not submitted as evidence to be weighed at the pleading stage. There is nothing for the Court to "exclude" under Rule 12(d).

Recognizing the obvious deficiency in its Rule 12 argument, Corgi asks the Court to

act based on its "inherent authority," *see* D.I. 31 at 7 (citing *Chambers,* 501 U.S. at 43–44), but that too fails. The Supreme Court has made clear that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44; *see also T-Jat Sys. 2006 Ltd. v. Expedia, Inc.*, 2019 WL 4041586, at *2 (D. Del. Aug. 27, 2019) (quoting same). The inherent power to sanction exists to punish "conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44–45. The Court in *Chambers* identified a narrow set of circumstances in which that power may be invoked: where a litigant has "practiced a fraud upon the court," filed "false and frivolous pleadings," or "attempted, by other tactics of delay, oppression, harassment and massive expense to reduce [the opposing party] to exhausted compliance." *Id*. at 41–42. A court invoking its inherent power "must comply with the mandates of due process . . . in determining that the requisite bad faith exists." *Id.* at 50.

Nothing of the sort is present here. Defendants did not file false or frivolous pleadings. They did not practice a fraud on the Court. They did not deploy tactics of delay, oppression, or harassment. They included in the introduction to their motion to dismiss brief two paragraphs of factual background relevant to their anticipated unclean hands defense and to the evaluation of Corgi's claims—precisely the kind of contextual advocacy that parties engage in every day in federal litigation. Corgi's disagreement with the content of those allegations does not transform them into an abuse of the judicial process warranting exercise of the Court's inherent power.[3]

[3] Were it an abuse of the judicial process simply to repeat allegations that an adversary disputes, most litigants, including Corgi itself, would be guilty of that infraction. Defendants informed Corgi immediately after it filed its original complaint that its accusations were false and inaccurate. D.I. 31-1 (Ex. A) at 5. Despite that, Corgi refused to dismiss its complaint and re-alleged the same (false) allegations in its amended complaint. D.I. 24.

The in-circuit cases in which courts have exercised inherent authority to strike material from briefs confirm the narrowness of that power. In *Thomas v. Keystone Real Estate Group, LP*, the court struck an entire motion "riddled with hyperbolic characterizations and profane language [having] no relation whatsoever to the matter addressed"—language so extreme as to constitute an abuse of the court's process. 2015 WL 1471273, at *8 (M.D. Pa. Mar. 31, 2015). In *Sprint Communications Co. v. Cox Communications*, the court struck an incorporation by reference from a brief that would have increased its length beyond the page limits imposed by the Local Rules—a straightforward rule violation. 302 F. Supp. 3d 597, 626 (D. Del. 2017). And in *In re Joy Global, Inc.*, the court struck a motion and brief that constituted a "gross violation" of the Local Rules' page limits, a 66-page filing that "prejudiced" the opposing party and "imposed an undue burden on the Court." 2011 WL 5865542, at *1 (D. Del. Nov. 22, 2011). Corgi also cites *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613–14 (3d Cir. 2018), but the Third Circuit merely upheld, under abuse-of-discretion review, a district court's decision to strike non-concise and argumentative responses to a statement of material facts in summary judgment briefing, because they violated a local rule requiring that such responses be "short and concise." *Id.* at 609 n.5. The district court in *Weitzner* was enforcing a local rule's explicit formatting mandate—not exercising free-floating authority to edit an adversary's brief. The common thread in these cases granting a motion to strike was the violation of a specific rule or standard of conduct. The challenged allegations here violate no rule, contain no profanity, and comply with the applicable standards. There is no conduct that requires the sanction of striking arguments from a brief.

There are additional policy reasons that the Court should not entertain this motion to strike. If parties are empowered to move to strike every argument in an adversary's brief that they consider impertinent or "over the top," this Court will soon be flooded with collateral motions, which might themselves engender new motions to strike statements made within the motion to strike—a litigation free-for-all that no court should wish upon itself.

### B. The Challenged Allegations Are Neither Immaterial, Impertinent, Nor Scandalous.

Even assuming *arguendo* that Corgi's motion were procedurally proper (it is not), it nonetheless fails on the merits. The standard is demanding: motions to strike are "disfavored" and denied unless the material to be stricken has "no possible relation to the controversy" and will cause prejudice. *Joao Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*, 292 F.R.D. 167, 170–71 (D. Del. 2013); *Sun Microsystems, Inc.*, 630 F. Supp. 2d at 402. "[O]nly allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken." *Brown v. Am. Airlines, Inc.*, 723 F. Supp. 3d 411, 427 (E.D. Pa. 2024). The background facts at issue here easily survive this standard.

The challenged allegations have a clear and obvious relationship to the controversy here. In this case, Corgi accuses Defendants of accessing Corgi's online insurance application, supposedly to obtain proprietary competitive information. Defendants' brief notes that Corgi's own COO accessed Vouch's online insurance application—twice, using two different email addresses—shortly after Corgi incorporated, and that at least one other senior Corgi employee did the same. The Yuan allegations provide critical context for evaluating Plaintiffs' own claims—specifically, their assertions of trade secret status and improper means of acquisition. Corgi's trade secret claims depend on the premise that navigating a competitor's publicly available online application and obtaining price quotes

constitutes wrongful misappropriation. But if Corgi's own COO believed it was perfectly acceptable to access and obtain quotes from a competitor's public platform—and did so repeatedly—that fact bears on whether Defendants' nearly identical conduct can plausibly constitute "improper means" of acquisition or whether the information obtained through a public-facing application qualifies as a protectable trade secret at all. "When faced with allegations that could possibly serve to achieve a better understanding of [the] claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Del. Health Care*, 893 F. Supp. at 1292. Ms. Yuan's conduct is "directly related to the matter in issue," *Sun Microsystems, Inc.*, 630 F. Supp. 2d at 410, and should not be stricken.[4]

Moreover, Defendants' background facts are appropriate because they will also form the factual predicate (if necessary) for an unclean hands defense. The unclean hands doctrine applies when a party seeking affirmative relief "is guilty of conduct involving fraud, deceit, unconscionability, or bad faith" that is "directly related to the matter in issue" and has "an immediate and necessary relationship to the equity which [the plaintiff] seeks to obtain." *Id.* Corgi contends that the allegations are "immaterial and impertinent" because "[n]o count of the FAC implicates Ms. Yuan" and because Defendants have not yet pled affirmative defenses or counterclaims. D.I. 31 at 8. But the standard is not whether the challenged material relates to a count in the opposing party's complaint—it is whether the material bears "[an] essential or important relationship to the claim for relief or the defenses being pleaded." *Del. Health Care,* 893 F. Supp. at 1291–92. It plainly does.

[4] Corgi's characterization of Ms. Yuan as a "non-party" does not help it: Ms. Yuan is Corgi's co-founder and Chief Operating Officer—a principal and agent of the named Plaintiff whose conduct is directly attributable to Corgi.

*Joao Bock Transaction Systems* is directly on point. There, the plaintiff sought to strike introductory materials from the defendant's answer that alleged fraud on the Patent and Trademark Office. *Joao Bock*, 292 F.R.D. at 169-170. The court denied the motion because the material was "related to [the defendant's] equitable defenses in a substantive way" and because "fraud is a potential defense and, therefore, must be considered relevant to the controversy." *Id.* at 170–71. *Symbol Technologies*, which Corgi cites, is distinguishable: the court struck self-serving puffery about "growth and receipt of 'widespread recognition' and awards" because it impugned the plaintiff's motives and was unrelated to any defense. 609 F. Supp. 2d at 359. The Yuan allegations are substantively related to Defendants' unclean hands defense—they are not tangential or mere background color but the factual foundation for one of Defendants' equitable defenses.[5] Corgi also argues that the challenged allegations are immaterial because they appear "only in [the] introduction" of Defendants' briefs and are "not reference[d] . . . anywhere else." D.I. 31 at 2. But placement in an introduction does not render allegations immaterial—it merely reflects the conventions of legal briefing. *See Joao Bock*, 292 F.R.D. at 170-71 (declining to strike "introductory material[s]" because they were substantively related to equitable defenses).

Corgi also contends that the allegations are "unsupported" because they do not rest on a "pleading, or declaration submitted with the motion to dismiss, or . . . any material of which judicial notice could be taken." D.I. 31 at 4. But this argument confuses the procedural

[5] It does not matter that Corgi may contest the unclean hands defense. Litigation adversaries often dispute each other's contentions and legal theories. As another court in this district explained recently, "[t]he question here is not whether the defense is available, but whether the facts alleged would be relevant to the defense if the defense were available." *Dufresne Spencer Grp., LLC v. Han Nara Enters. LP*, 2022 WL 1978686, at *2 (D. Del. June 6, 2022); *see also Karpov v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015) ("Motions to strike are not meant to determine disputed and substantial questions of law[.]").

posture. Defendants are not asking the Court to ***rely on*** the Yuan allegations in deciding the motion to dismiss—they are providing the Court with context relevant to the defenses Defendants intend to assert. A party's brief may properly describe anticipated defenses and contextual facts; it need not submit a sworn declaration to make factual assertions in a legal memorandum. And "[i]f there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 768 (D. Del. 2012) (quoting *Loughrey v. Landon*, 381 F. Supp. 884, 888 (E.D. Pa. 1974)).

Finally, the allegations are not "scandalous." D.I. 31 at 3. They are straightforward factual assertions about competitive intelligence gathering—the same type of conduct that Corgi itself alleges Defendants engaged in. Corgi cannot credibly argue that allegations describing the same activity it accuses Defendants of are "scandalous" when lodged against Corgi's own co-founder but not "scandalous" when lodged against Defendants. The allegations, moreover, do not accuse Ms. Yuan of criminal conduct or moral turpitude. And that matters. In *Southmark Prime Plus, L.P. v. Falzone*, for instance, the district court refused to strike allegations that defendants were "connected to, and controlled by, organized crime" because the allegations were "central to . . . plaintiffs' . . . claims." 768 F. Supp. 487, 492 (D. Del. 1991). If allegations of organized crime ties are not sufficiently scandalous to warrant striking, allegations that a co-founder filled out an insurance application on a competitor's public website certainly do not meet that threshold.

Corgi's competing account of Ms. Yuan's purpose, D.I. 31 at 4 n.1, presents a factual dispute, not a basis for striking allegations. Courts do not typically strike material because one side thinks the allegations are false, and motions to strike are not meant to resolve

disputed and substantial questions; this issue belongs in discovery, not in this motion. *See Bocker v. Hartzell Engine Techs., LLC*, No. 2023 WL 415792, at *4 (D. Del. Jan. 26, 2023); *Karpov*, 307 F.R.D. at 348-39.

**C. Corgi Has Not Demonstrated Prejudice.**

Corgi's motion also fails because Corgi cannot demonstrate the prejudice required to justify striking allegations. Even where challenged material is "redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs.*, 609 F. Supp. 2d at 359. And simply "portray[ing a party] in a bad light" is not cognizable prejudice under the Rule 12(f) standard. *Hanzer v. Mentor Network*, 2012 WL 3095353, at *1–2 (D. Del. July 30, 2012), *report and recommendation adopted*, 2012 WL 4342110 (D. Del. Sept. 20, 2012) (denying motion to strike where movant's prejudice theory rested on allegation that challenged material "portray[ed] Mentor in a bad light").

Here, to the extent Corgi's prejudice claim rests on the notion that the Yuan allegations cast it in an unfavorable light, D.I. 31 at 8–9, that is precisely the kind of "prejudice" courts have held insufficient. Litigation inherently involves allegations that parties would rather not face; that discomfort is not the type of prejudice Rule 12(f) is designed to prevent. *See Herrmann*, 72 F.R.D. at 186 ("[T]hose who choose to join in a lawsuit and assert claims against a defendant must be prepared to accept the legal risks and consequences of their voluntary choice.").

Corgi's claim for prejudice is especially weak because, even if the challenged Yuan allegations are not critical to deciding the motion to dismiss, D.I. 31 at 7–8, the same allegations will be necessary and proper if Defendants file an answer, which will assert an

unclean hands defense, and as part of Defendants' counterclaims, which Defendants expect to bring against Corgi and Ms. Yuan. Striking them from the present brief would therefore serve no purpose. Where the challenged material may appear elsewhere on the docket in the ordinary course, there is no cognizable prejudice from its inclusion in a brief.

Corgi's additional argument that it is prejudiced because the Yuan allegations will remain in the public record if the case is sent to arbitration, DI. 31 at 9, is the height of irony. It is Corgi who chose to file in this forum despite a clear and enforceable arbitration agreement between the parties. Corgi voluntarily subjected itself to the adversarial nature of public litigation, and it must accept the consequences of that choice—including the possibility that its adversary will make factual allegations it would prefer not to confront.[6]

Nor is Corgi unduly prejudiced because one journalist reported on Vouch's motion to dismiss, and Vouch published a blog post about its motion. D.I. 31 at 5–6, 9. Corgi conspicuously omits to mention that the same reporter wrote a story about Corgi's complaint,[7] and Corgi published a blog post about this case *before* Vouch did.[8] What's sauce for the goose is sauce for the gander.

[6] Of course, Corgi is not asking the court to strike its own allegations against Vouch, which will also remain in the public record if the claims are compelled to arbitration. Corgi is trying to have it both ways: its accusations against Vouch are public forever, while Vouch's allegations against Corgi are barred from the public.

[7] James Thaler, *Corgi lawsuit accuses Vouch executive of using sham company to steal underwriting secrets,* The Insurer, (Apr. 21, 2026), https://www.theinsurer.com/ti/news/corgi-lawsuit-accuses-vouch-executive-of-using-sham-company-to-steal-2026-04-21/.

[8] The Corgi team, *Lawsuit Alleges Vouch Insurance Sent Its Chief Legal Officer Undercover as a Customer to Steal Corgi's Trade Secrets*, Corgi Blog (June 23, 2026), https://www.corgi.insure/blog/vouch-trade-secret-lawsuit.

## V. CONCLUSION

Corgi's motion should be denied. Rule 12(f) does not reach *briefs*. And the Court should not exercise inherent authority to strike any statements in Defendants' brief. The brief reflects no bad faith, fraud, rule violation, or abuse of the judicial process. On the merits, the challenged allegations are relevant to Defendants' unclean hands defense and Corgi's trade secret claims, are not scandalous, and cause no cognizable prejudice. Corgi's motion should be denied.

Dated: August 14, 2026

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*
Robert M. Vrana (No. 5666)
Parks L. Kingery (No. 7416)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
rvrana@ycst.com
pkingery@ycst.com

*Attorneys for Defendants Vouch, Inc., Vouch Specialty Insurance Services, LLC, Vouch US Insurance Services Holdings, LLC, Vouch Risk Management Services, LLC, Kelly Wulff, and Augmenta Advisory, LLC*

*Of Counsel:*

KEKER, VAN NEST & PETERS LLP
Warren A. Braunig
Cody Gray
Jacqueline Concilla
Michaela M. Firmage
633 Battery Street
San Francisco, California 94111
(415) 391-5400
wbraunig@keker.com
cgray@keker.com
jconcilla@keker.com
mfirmage@keker.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 14, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**
Travis J. Ferguson
Amy R. Harriman
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 North King St., 8th Floor
Wilmington, DE 19801
tferguson@mccarter.com
aharriman@mccarter.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert M. Vrana*
Robert M. Vrana (No. 5666)
Parks L. Kingery (No. 7416)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
rvrana@ycst.com
pkingery@ycst.com

*Attorneys for Defendants Vouch, Inc., Vouch Specialty Insurance Services, LLC, Vouch US Insurance Services Holdings, LLC, Vouch Risk Management Services, LLC, Kelly Wulff, and Augmenta Advisory, LLC*