**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TECHNOLOGY RISK RETENTION GROUP, INC., an Arizona corporation, CORGI INSURANCE SERVICES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>VOUCH, INC., a Delaware corporation, VOUCH SPECIALTY INSURANCE SERVICES, LLC, a Delaware limited liability company, VOUCH US INSURANCE SERVICES HOLDINGS, LLC, a Delaware limited liability company, VOUCH RISK MANAGEMENT SERVICES, LLC, a Delaware limited liability company, KELLY WULFF, an individual, AUGMENTA ADVISORY, LLC, a Delaware limited liability company,<br><br>Defendants. | C.A. No. 26-426-RGA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION TO STRIKE EXTRANEOUS ACCUSATIONS**
**IN DEFENDANTS' MOTION TO DISMISS BRIEFING**

Dated: August 21, 2026

Travis J. Ferguson (No. 6029)
Amy R. Harriman (No. 7602)
**MCCARTER & ENGLISH, LLP**
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
tferguson@mccarter.com
aharriman@mccarter.com

*Counsel for Plaintiffs*

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT ............................................................................................................ 1

A. The Motion Is Procedurally Proper ........................................................................ 1

B. The Current Posture Of This Action Is What Makes The Extraneous Accusations Improper ........................................................................................... 3

C. The Extraneous Accusations Cause Prejudice ........................................................ 5

III. CONCLUSION ......................................................................................................... 6



ME1\62563503.v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997)....................1, 2

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)....................2

*Dietz v. Bouldin*,
*579 U.S. 40 (2016)*....................2

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*,
292 F.R.D. 167 (D. Del. 2013)....................3

*In re Joy Global, Inc.*,
2011 WL 5865542 (D. Del. Nov. 22, 2011)....................3

*Lively v. Wayfarer Studios LLC*,
2025 WL 2298247 (S.D.N.Y. Aug. 8, 2025)....................2

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
627 F.3d 402 (9th Cir. 2010)....................2

*Southmark Prime Plus, L.P. v. Falzone*,
768 F. Supp. 487 (D. Del. 1991)....................3

*Sprint Commc'ns Co. L.P. v. Cox Commc'ns Inc.*,
302 F. Supp. 3d 597, 626 (D. Del. 2017)....................3

*Thomas v. Keystone Real Est. Grp. LP*,
2015 WL 1471273, at *3 (M.D. Pa. Mar. 31, 2015)....................2, 3

**Other Authorities**

Rule 7....................1

Rule 11....................6

Rule 12.................... *passim*

Rule 12(b)(6).................... *passim*

Rule 12(d)....................1, 3

Rule 12(f)....................1, 2, 3

## I. INTRODUCTION

Defendants' opposition confirms why Plaintiffs' requested relief is necessary. Defendants do not contend that the Extraneous Accusations are pleaded, judicially noticeable, or relevant to the pending Rule 12(b)(6) motion. To the contrary, Defendants characterize the Extraneous Accusations as background "context," concede that their significance is subject to factual dispute, and say the Court need not rely on them at all. Those concessions resolve the issue. Matter outside the pleadings that Defendants admit is unnecessary to dismissal should not remain embedded in a Rule 12 brief, particularly where it was presented in a manner calculated to prejudice Plaintiffs and to amplify an untested factual narrative outside the orderly pleading and discovery process. The Motion should be granted.

## II. ARGUMENT

### A. <u>The Motion Is Procedurally Proper</u>

Plaintiffs acknowledged in their Motion that Rule 12(f) refers only to "pleadings" and that a motion to dismiss brief is not treated as a "pleading" under Rule 7. Plaintiffs accordingly relied on Rule 12(d) and the Court's inherent authority to manage its own docket, guided by the Rule 12(f) rubric, to request the Extraneous Accusations be struck and disregarded.

Rule 12(d) is not "merely a 'conversion provision'" as Defendants suggest. D.I. 34 at 5. Rather, Rule 12(d) provides that when matters outside the pleadings are presented in connection with a Rule 12(b)(6) motion, they should be excluded by the Court. Fed. R. Civ. P. 12(d). If such matters are not excluded, Rule 12(d) provides that the Rule 12(b)(6) motion should be treated as one for summary judgment. *Burlington Coat Factory* confirms the same principle: outside narrow exceptions for materials integral to the complaint and judicially noticeable facts, a court deciding a Rule 12(b)(6) motion may not consider extraneous matter. *In re Burlington Coat Factory Sec.*



ME1\62563503.v1

*Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Defendants do not dispute that the Extraneous Accusations are matters outside the pleadings and do not fall within either exception referenced in *Burlington Coat Factory*. Nor do Defendants contend that the Court should weigh or rely on the Extraneous Accusations. In fact, Defendants say the opposite: that the Court need not rely on the Extraneous Accusations. Defendants nevertheless disagree that the Court should enter an order striking the Extraneous Accusations or confirming they will be disregarded at the Rule 12 stage.

Federal courts further possess inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Dietz v. Bouldin, 579 U.S. 40, 45 (2016)* (quoting *Link v. Wabash R.R. Co*., 370 U.S. 626, 630–31 (1962)), including the power to strike or disregard material filed for an improper purpose. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010). *Lively v. Wayfarer Studios LLC*, 2025 WL 2298247, at *1–2 (S.D.N.Y. Aug. 8, 2025), illustrates the point. There, the defendants argued that Rule 12(f) did not authorize striking material outside the pleadings; the court nevertheless exercised its inherent authority to strike an entire 292-page deposition transcript because attaching it after citing only two pages served no proper litigation purpose and appeared designed to burden the opposing party and invite public speculation and scandal. *Id.* at *2. The facts here are less extreme, but the principle still applies: a court may control non-pleading material on its docket when such material serves no proper litigation purpose. Plaintiffs rely on that principle, not an equivalence of scale.

Defendants incorrectly construe *Chambers* as limiting every exercise of inherent authority to punitive sanctions for fraud, delay, or bad faith. D.I. 34 at 6–7. *Chambers* requires restraint, but it also recognizes the broader inherent powers necessary to administer judicial proceedings — of which sanctioning misconduct is only one application. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991). Indeed, none of *Sprint Communications*, *Joy Global*, or *Thomas v. Keystone*



ME1\62563503.v1

required a finding of bad faith before striking material. Defendants' attempt to distinguish these cases as involving "the violation of a specific rule or standard of conduct" (D.I. 34 at 7) is misguided. *Sprint Commc'ns Co. L.P. v. Cox Commc'ns Inc.*, 302 F. Supp. 3d 597, 626 (D. Del. 2017); *Thomas v. Keystone Real Est. Grp. LP*, 2015 WL 1471273, at *3 (M.D. Pa. Mar. 31, 2015); *In re Joy Global, Inc.*, 2011 WL 5865542 (D. Del. Nov. 22, 2011). The Extraneous Accusations violate Rule 12(d) and Rule 12(f)'s own substantive standard for immaterial, impertinent, and scandalous matter, imported here through the same inherent authority this Court exercised in *Sprint Communications* to import the Local Rules' page limit. Plaintiffs, in any event, seek only the same docket-management authority to control what material is before the Court on pending dispositive motions. The Court need not decide whether Defendants' filing was made in bad faith; it need only determine that the Extraneous Accusations should not be in the Rule 12 record.

### B. <u>The Current Posture Of This Action Is What Makes The Extraneous Accusations Improper</u>

The Rule 12 procedural posture of this case is the distinguishing factor between the current circumstances and those in *Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*, 292 F.R.D. 167, 170–71 (D. Del. 2013) and *Southmark Prime Plus, L.P. v. Falzone*, 768 F. Supp. 487, 492 (D. Del. 1991). In each of *Joao Bock* and *Southmark*, the allegations sought to be struck appeared in an actual pleading. Here, conversely, Defendants presented the Extraneous Accusations as purported "context" for an unpleaded defense. Moreover, Defendants admit the Extraneous Accusations are not relevant to any of their Rule 12(b)(6) defenses, which makes perfect sense given that the Extraneous Accusations are matters outside the complaint. Defendants further admit the Court should not rely on the Extraneous Accusations when deciding the Rule 12(b)(6). These statements are a tacit concession that the Extraneous Accusations are immaterial and impertinent to this dispute as currently configured. Why then did Defendants present the

Extraneous Accusations? The only explanation that makes sense is that Defendants hoped the Extraneous Accusations would prejudice Plaintiffs while the Court reviews and decides the Rule 12(b)(6) motion to dismiss. That makes the Extraneous Accusations scandalous as a matter of law.

Defendants' "context" justification does not pass muster. Defendants suggest the Extraneous Accusations illuminate Corgi's own trade-secret theory. D.I. 34 at 8–9. They argue that because Ms. Yuan allegedly obtained quotes from Vouch's public platform, that conduct bears on whether Defendants used "improper means" or whether information obtained through Corgi's application could constitute a trade secret. *Id.* The argument conflates two different questions. Whether Corgi adequately pleads a trade secret turns on the information Corgi alleges Defendants obtained, the secrecy measures surrounding it, and the means Defendants used to acquire it—questions on a Rule 12 motion the Court must answer from the First Amended Complaint ("FAC") and materials properly before the Court. What Ms. Yuan allegedly did on a different company's platform in 2024 establishes nothing about the information Defendants obtained from Corgi in 2026, whether it was generally known, or whether Defendants' use of a shell entity and a pretextual application constituted improper means. *See* D.I. 24 ¶¶ 28–38. The Extraneous Accusations add nothing to the arguments that Defendants advanced in the actual argument section of their Rule 12(b)(6) brief.

At most, Defendants' theory is an estoppel- or unclean-hands-style defense. They assert that because a Corgi executive allegedly engaged in conduct Defendants characterize as similar, Corgi should not be permitted to complain about Defendants' conduct. Plaintiffs dispute the veracity and applicability of such defenses. But in any event, estoppel and unclean hands are quintessential fact-intensive affirmative defenses. Defendants indeed acknowledge that the

purpose and significance of Ms. Yuan's conduct are disputed and belong in discovery. D.I. 34 at 12. Coupled with Defendants' statements about the irrelevancy of the Extraneous Accusations to the Court's review of the motion to dismiss, it is quite apparent the Extraneous Accusations have no place in this case at this stage.

Plaintiffs accept that adversarial litigation necessitates forceful responses, and they are prepared to handle those responses when appropriate. The difference here is the posture of the case. Plaintiffs commenced a lawsuit and made their allegations in a complaint. Defendants have not answered, pleaded unclean hands, or asserted the counterclaims they preview, yet they believe they should be entitled to present the Extraneous Accusations as "context" despite conceding the Extraneous Accusations have no bearing on the motions before the Court. But if Defendants wanted to throw a "counterpunch," there was an appropriate way for them to do so: answer and assert a counterclaim. That would trigger discovery and authorize Plaintiffs to present facts to defeat the narrative that Defendants advance. Unless and until then, Defendants should not be permitted to abuse the Court's docket for self-serving public relations purposes.

Defendants' suggested "litigation-free-for-all" if parties may move to strike arguments they consider "over the top" (D.I. 34 at 8) is a red herring. Plaintiffs do not challenge the Extraneous Accusations because they are harsh. They challenge unpled factual accusations that Defendants (i) admit are not pivotal to any dismissal argument, (ii) say the Court should not rely upon, (iii) concede require discovery, and (iv) amplified in industry media outlets. A party that stands behind the decisional relevance of material in its brief does not present this circumstance.

### C. <u>The Extraneous Accusations Cause Prejudice</u>

Presenting the Extraneous Accusations in the introduction to a Rule 12(b)(6) opening brief does more than portray Plaintiffs in a bad light. D.I. 34 at 12–13. It is an obvious attempt by

Defendants to manipulate the Court. Defendants told the Court that "the evidence will ultimately show" Corgi acted unlawfully and that Corgi "falsely accuses Defendants" of the same conduct. D.I. 28 at 2. Those statements invite the Court to discount the FAC based on a competing factual narrative outside the permissible Rule 12 record, even though Defendants admit the narrative is irrelevant to their dismissal arguments and concede it requires discovery. D.I. 34 at 12. This is the precise type of prejudice that compels federal courts to strike extraneous and irrelevant material.

Compounding the procedural prejudice in this case is industry media attention to the Extraneous Accusations made in lockstep with Defendants' filing, which Vouch itself repeated on its website as a "striking counter-accusation." D.I. 31 at 5–6 & Ex. B. Defendants respond only that Plaintiffs also publicized their complaint and invoke a goose-and-gander analogy. D.I. 34 at 13–14. But the complaint is the pleading by which Plaintiffs invoked this Court's jurisdiction, subject to Rule 11 and the Rules governing claims for relief. The Extraneous Accusations are unplead and, by Defendants' own admission, irrelevant y to the pending Rule 12(b)(6). There is no equivalent comparison between the actions taken by Plaintiffs and Defendants.

Even if the Extraneous Accusations appear in a future answer or counterclaim, D.I. 34 at 13, that proves Plaintiffs' point. Defendants should have waited to plead the Extraneous Accusations. There is no justification for presenting them the way Defendants did.

## III. CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' opening brief, Plaintiffs respectfully request that the Court strike the Extraneous Accusations set forth in D.I. 22 at p. 2 and D.I. 28 at p. 2, beginning with "In fact, the evidence will ultimately show" and ending with "at the appropriate time and place," together with footnote 3. Alternatively, Plaintiffs request that the

Court exclude and disregard the Extraneous Accusations in adjudicating the motion to dismiss, disregard them as irrelevant to the motion to compel arbitration, and grant such other relief as the Court deems appropriate.

Dated: August 21, 2026

MCCARTER & ENGLISH, LLP

*/s/ Travis J. Ferguson*
Travis J. Ferguson (No. 6029)
Amy R. Harriman (No. 7602)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
tferguson@mccarter.com
aharriman@mccarter.com

*Counsel for Plaintiffs*