**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TECHNOLOGY RISK RETENTION GROUP, INC., an Arizona corporation, CORGI INSURANCE SERVICES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>VOUCH, INC., a Delaware corporation, VOUCH SPECIALTY INSURANCE SERVICES, LLC, a Delaware limited liability company, VOUCH US INSURANCE SERVICES HOLDINGS, LLC, a Delaware limited liability company, VOUCH RISK MANAGEMENT SERVICES, LLC, a Delaware limited liability company, KELLY WULFF, an individual, AUGMENTA ADVISORY, LLC, a Delaware limited liability company,<br><br>Defendants. | C.A. No. 1:26-cv-00426-RGA |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

August 21, 2026

OF COUNSEL:

KEKER, VAN NEST & PETERS LLP
Warren A. Braunig
Cody Gray
Jacqueline Concilla
Michaela Firmage
633 Battery Street
San Francisco, CA 94111
(415) 391-5400
wbraunig@keker.com
cgray@keker.com
jconcilla@keker.com
mfirmage@keker.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert M. Vrana (No. 5666)
Parks L. Kingery (No. 7416)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
rvrana@ycst.com
pkingery@ycst.com

*Attorneys for Defendants Vouch, Inc., Vouch Specialty Insurance Services, LLC, Vouch US Insurance Services Holdings, LLC, Vouch Risk Management Services, LLC, Kelly Wulff, and Augmenta Advisory, LLC*

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........................................................................................1

II. ARGUMENT ........................................................................................1

A. Corgi fails to state a claim for secret trade misappropriation. ................................1

1. Corgi fails to plead trade secrets with the requisite specificity. ..................1

2. Corgi does not plead reasonable secrecy measures. ...................................3

B. Corgi's DUTSA claim should be dismissed because mere incorporation in Delaware is insufficient to establish a Delaware nexus. .........................................4

C. Corgi's fraud, civil conspiracy, and unjust enrichment claims are preempted under either California or Delaware trade secret law. ...........................5

D. Corgi has not adequately pleaded a fraud claim. ...................................................6

E. Corgi's claim for declaratory relief is moot and duplicative. .................................7

F. Corgi's Lanham Act false advertisement, DTPA, and trade libel claims should be dismissed because they are based on non-actionable puffery. ................7

G. The alleged statement is not "commercial advertising." .......................................8

H. Corgi fails to plead entitlement to injunctive relief and fails to plead the requisite territorial nexus to support a DTPA claim. ..............................................9

I. Corgi's trade libel claim is insufficiently pleaded. ................................................9

J. Corgi's tortious interference claim must be dismissed for failure to allege a nonspeculative business opportunity and independently wrongful act. ................9

K. The Court should deny leave to amend. ..............................................................10

III. CONCLUSION ........................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arconic Inc. v. Novelis Inc.*,
2020 WL 7247112 (W.D. Pa. Dec. 9, 2020)....2

*Bracco Diagnostics, Inc. v. Amersham Health, Inc.*,
627 F. Supp. 2d 384 (D. N.J. 2009)....8

*Chatham Fin. Corp. v. Milhaus, LLC*,
824 F. Supp. 3d. 494 (D. Del. 2026)....7

*Chatham Financial Corp. v. Milhaus, LLC*,
807 F. Supp. 3d 373 (D. Del. 2025)....3, 4

*Cole's Wexford Hotel, Inc. v. Highmark, Inc.*,
2019 WL 3778090 (W.D. Pa. May 31, 2019)....2

*Ethypharm S.A. Fr. v. Bentley Pharms., Inc.*,
388 F. Supp. 2d 426 (D. Del. 2005)....6

*Farina v. Nokia Inc.*,
625 F.3d 97 (3d Cir. 2010)....6

*Fashion Boutique of Short Hills Inc. v. Fendi USA, Inc.*,
314 F.3d 48 (2d Cir. 2002)....9

*Foman v. Davis*,
371 U.S. 178 (1962)....10

*Krantz v. Prudential Invs. Fund Mgmt. LLC*,
305 F.3d 140 (3d Cir. 2002)....10

*Montway LLC v. Navi Transp. Servs., LLC*,
809 F. Supp. 3d 200 (D. Del. 2025)....4

*Nautilus Ins. Co. v. Day to Day Fashion, Inc.*,
2017 WL 5643182 (C.D. Cal. Aug. 8, 2017)....6

*Oakwood Labs, LLC v. Thanoo*,
999 F.3d 892 (3d Cir. 2021)....1, 2

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,
227 F.3d 489 (5th Cir. 2000)....8

*SI Handling Sys., Inc. v. Heisley*,
753 F.2d 1244 (3d Cir. 1985)....3

*Signent Media, Inc. v. LG Elecs., USA., Inc.*,
2025 WL 3140917 (D. N.J. Nov. 10, 2025) ....1, 2

*Snapkeys Ltd. v. Google, LLC*,
442 F. Supp. 3d 1196 (N.D. Cal. 2020) ....6

*TYR Sport Inc. v. Warnaco Swimwear Inc.*,
679 F. Supp. 2d 1120 (C.D. Cal. 2009) ....8

*U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*,
898 F.2d 914 (3d Cir. 1990)....8

*You Map, Inc. v. Snap Inc.*,
2021 WL 106498 (D. Del. Jan. 12, 2021)....3, 4, 6

**State Cases**

*250ok, Inc. v. Message Sys., Inc.*,
2021 WL 225874 (Del. Ch. Jan. 22, 2021)....6

*AlixPartners, LLP v. Mori*,
2022 WL 1111404 (Del. Ch. Apr. 14, 2022) ....4

*Beard Rsch., Inc. v. Kates*,
8 A.3d 573 (Del. Ch. 2010)....5

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Ops., Inc.*,
171 Cal. App. 4th 939 (2009) ....5

*Labyrinth, Inc. v. Urich*,
2024 WL 295996 (Del. Ch. Jan. 26, 2024)....5

*Organovo Holdings, Inc. v. Dimitrov*,
162 A.3d 102 (Del. Ch. 2017)....10

*Preston Hollow Cap. LLC v. Nuveen LLC*,
2020 WL 1814756 (Del. Ch. Apr. 9, 2020) ....10

*Tygon Peak Capital Mgmt., LLC v. Mobile Invs. Investco, LLC*,
2022 WL 34688 (Del. Ch. Jan. 4, 2022)....9

*Winner Acceptance Corp. v. Return on Cap. Corp.*,
2008 WL 5352063 (Del. Ch. Dec. 23, 2008)....8

*Wright v. SLWM, LLC*,
2025 Del. Ch. LEXIS 335 (Del. Ch. Apr. 23, 2025) ....9

# I. INTRODUCTION[1]

Corgi's Opposition to Defendants' motion to dismiss offers little more than window dressing in response. Corgi posits a trade secret claim with no secrets; a failure-to-disclose fraud claim with no duty to disclose; a false advertising claim with no advertising; multiple claims that are plainly preempted; and Delaware state law claims with no factual connection to Delaware. By the end, Corgi is reduced to pleading for leave to amend, even though it amended once already and failed to fix the deficiencies—because it cannot do so. The Court should dismiss all claims against Defendants with prejudice.

# II. ARGUMENT

## A. Corgi fails to state a claim for secret trade misappropriation.

### 1. Corgi fails to plead trade secrets with the requisite specificity.

In their opening brief, Defendants explained why Corgi's high-level categories of business information and technical jargon do not adequately describe trade secrets or differentiate them from publicly known information. D.I. 28 at 5–8; *Signent Media, Inc. v. LG Elecs., USA., Inc.*, 2025 WL 3140917, at *7–8 (D. N.J. Nov. 10, 2025) (collecting cases and dismissing claim where "it is not clear to the Court what Plaintiff has actually developed or owns, or 'whether what it developed is secret as opposed to matters of general knowledge'").

Corgi's primary critique is that *some* of Defendants' cases were decided on a PI motion rather than a motion to dismiss; but the lead case Corgi relies upon, *Oakwood Labs, LLC v. Thanoo*, 999 F.3d 892 (3d Cir. 2021), a motion-to-dismiss case, supports Defendants' position. In *Oakwood*, the plaintiff had "attached [sixteen] other documents [to the complaint] specifying in detail secrets related to the Microsphere Project that Oakwood accuse[d] the Defendants of

[1] Unless otherwise noted, internal quotation marks, alterations, and citations have been omitted and emphases have been added.

taking and using." *Id.* at 907. Given those attachments, the court concluded the defendants were "on notice of the trade secret information that [was] at issue" and denied a motion to dismiss. *Id.* Here, by contrast, Corgi articulated a vague list of business and technical topics that include categories of information Ms. Wulff could not even have accessed. D.I. 28 at 9 (underlying "algorithms," "architecture," "logic," and "weighting methodology"). And unlike the plaintiffs in *Oakwood*, Corgi does not explain how or why its entire website or policy materials qualify as trade secrets. Corgi's vague identification does not allow Defendants to "ascertain at least the boundaries within which the secret lies," *Oakwood*, 999 F.3d at 906, or identify trade secrets "with sufficient definiteness to permit a court to apply the criteria for protection," *Cole's Wexford Hotel, Inc. v. Highmark, Inc.*, 2019 WL 3778090, at *13 (W.D. Pa. May 31, 2019).

Corgi's fallback argument—that its "trade secret is the whole," D.I. 33 ("Opp.") at 8, *i.e.*, a "unique combination" of otherwise publicly-available components—fares no better. "Where an asserted Trade Secret . . . is a 'combination of known components', plaintiff must specifically describe what [the] particular combination of components is; how these components are combined in a secret process, and how they operate in such combination to meet the legal requisites of a trade secret." *Arconic Inc. v. Novelis Inc.*, 2020 WL 7247112, at *3, n.5 (W.D. Pa. Dec. 9, 2020). Courts routinely reject attempts to transform matters of general knowledge into protectable trade secrets by attaching labels like "unique," "customized," or "proprietary," as Corgi repeatedly does in its brief and complaint. *See, e.g.*, Opp. at 4; *Signent Media*, 2025 WL 3140917 at *7–8 (collecting cases). Calling a collection of public information and general industry knowledge a "unique combination," without identifying what makes that combination unique or secret, does not amount to alleging a trade secret.

### 2. Corgi does not plead reasonable secrecy measures.

Corgi ***does not dispute*** that its "underwriting platform," *i.e.*, its website, is publicly available to any user, without confidentiality designation and without the user affirmatively accepting Terms of Use; or that the supposedly "proprietary" insurance policy documents issued to an applicant are not marked confidential and may be shared widely by recipients. D.I. 28 at 8–12; Opp. at 9–11. Those are the only items Corgi accuses any Defendant of directly accessing, and they were not reasonably protected. Corgi argues that its policy documents cannot be publicly browsed and are provided only to "bona fide policyholders." Opp. at 9, 10. But so what? Corgi does not allege that those documents are marked confidential or that the "bona fide policyholders" may not share them with whomever they choose. That nullifies any claim of secrecy. *See, e.g.*, *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1257 (3d Cir. 1985). And while Corgi cites to its Terms, *see* Opp. at 9, Corgi does not dispute that its Terms are a "browsewrap" contract: in other words, users are not required to acknowledge or accept them before browsing the platform. *See* D.I. 28 at 10 & n. 5–6. But in any event, nothing in Corgi's Terms suggests that the full contents of the website are proprietary or confidential.

Corgi's citation to *Chatham Financial Corp. v. Milhaus, LLC*, 807 F. Supp. 3d 373 (D. Del. 2025), and *You Map, Inc. v. Snap Inc.*, 2021 WL 106498, at *6 (D. Del. Jan. 12, 2021), *R. & R. adopted*, 2021 WL 327388 (D. Del. Feb. 1, 2021), cannot save its lax secrecy measures. In fact, those cases support Defendants' position. In *Chatham*, the court held that the plaintiff pleaded reasonable secrecy measures because "Chatham customers … sign strict confidentiality agreements." 807 F. Supp. 3d at 383. But Corgi does not allege that it requires its customers to sign *any* confidentiality agreements before accessing its website or insurance documents. And in *You Map*, the plaintiffs were forced to abandon their claim that their website interfaces were

trade secrets because it turned out that, like here, the "visual design had already been disclosed to the public" and thus was not secret. 2021 WL 106498 at *6.

*Chatham* and *You Map* further undermine Corgi's suggestion that Defendants could be liable for misappropriating Corgi's "front-end implementation, outputs and compilation," Corgi's "structure," or its "pricing and retention architecture" simply by walking through Corgi's application flow. Opp. at 10–11. The court in *Chatham* held that the plaintiff did not adequately allege misappropriation of the "software, architecture, algorithms, and related process and know-how" underlying its customer-facing platform because it did not allege defendants "obtained anything beyond subscriber-level access" to the platform. 807 F. Supp. 3d at 385. Likewise, the court in *You Map* dismissed part of the plaintiff's DTSA claim because the complaint failed to "allege facts suggesting that [the] [d]efendants gained access to any source code or algorithm, much less how they did it." 2021 WL 106498, at *7. Even if aspects of Corgi's architecture, algorithms, and methodologies *are* maintained secretly, Corgi failed to allege that Defendants accessed those features or that they could be deduced from Corgi's public website.

Corgi's last-ditch argument that the extracted materials are a protectable compilation, Opp. at 11, is *non sequitur*. Whether compilation or not, Corgi failed to allege that any content actually accessed by Ms. Wulff or Augmenta was the subject of reasonable protections.

**B. Corgi's DUTSA claim should be dismissed because mere incorporation in Delaware is insufficient to establish a Delaware nexus.**

The case law is unequivocal that a DUTSA claim cannot be sustained simply because one or more parties is incorporated in Delaware. *See, e.g.*, *AlixPartners, LLP v. Mori*, 2022 WL 1111404, at *18 (Del. Ch. Apr. 14, 2022); *Montway LLC v. Navi Transp. Servs., LLC*, 809 F. Supp. 3d 200, 213 (D. Del. 2025). The only allegation about Delaware in the FAC is that some of the corporate entities are incorporated there. To attempt to avoid dismissal of its DUTSA

claim, Corgi now tries to re-cast Augmenta's place of incorporation as "a step in the scheme to extract Plaintiffs' trade secrets." Opp. at 12. But that contention has no factual basis in the FAC. Corgi does not allege, for example, that Augmenta's incorporation *in Delaware*, as opposed to any other state, played a role in the alleged scheme. Corgi's further suggestion that the Court should not dismiss because the locus of misappropriation is a factual dispute, Opp. at 13, misses the point. On a motion to dismiss, the question is whether Corgi has alleged any misappropriation conduct in Delaware; it has not. The DUTSA claim should be dismissed.

### C. Corgi's fraud, civil conspiracy, and unjust enrichment claims are preempted under either California or Delaware trade secret law.

Corgi's common law claims are preempted under either California or Delaware law because they arise from the same facts as its trade secret claims. *See K.C. Multimedia, Inc. v. Bank of Am. Tech. & Ops., Inc.*, 171 Cal. App. 4th 939, 958 (2009); *Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 602 (Del. Ch. 2010). Corgi counters that preemption is "premature" because of "choice-of-law question[s]." Opp. at 14. But a page earlier in its brief, Corgi agreed that "where DUTSA and CUTSA 'would produce the same decision no matter which state's law is applied, there is no real conflict and a choice of law analysis would be superfluous." Opp. at 13 (quoting *Labyrinth, Inc. v. Urich*, 2024 WL 295996, at *28 (Del. Ch. Jan. 26, 2024)). Corgi identifies no conflict of laws here, so the choice-of-law question poses no barrier to preemption. D.I. 28 at 14.

Corgi's remaining arguments are equally meritless.

***Unjust Enrichment/Civil Conspiracy*:** Defendants cited numerous California and Delaware cases finding that unjust enrichment and civil conspiracy claims like Corgi's are preempted by state trade secrets statutes. D.I. 28 at 15–16. Corgi's response—that it may maintain these claims in the alternative until the court decides the viability of its trade secret claims, Opp. at 15—is contrary to law. The DUTSA preempts "all claims stemming from the

same acts as the alleged misappropriation . . . even if the information at issue is not a trade secret." *You Map*, 2021 WL 106498, at *8; *see also 250ok, Inc. v. Message Sys., Inc.*, 2021 WL 225874, at *4 & n.41 (Del. Ch. Jan. 22, 2021) (common law claims based on the same facts are preempted "notwithstanding that the alleged trade secret might later be deemed unworthy of statutory protection").

***Fraud*:** Fraud claims based on misrepresentations to obtain trade-secret information are likewise preempted. *See Snapkeys Ltd. v. Google, LLC*, 442 F. Supp. 3d 1196, 1205 (N.D. Cal. 2020); *Ethypharm S.A. Fr. v. Bentley Pharms., Inc.*, 388 F. Supp. 2d 426, 434 (D. Del. 2005). Corgi contends that its fraud claim "alleges wrongdoing distinct from trade secret misappropriation," Opp. at 14, but it does not. The FAC alleged that the submission of a purportedly false insurance application was "a pretext to obtain Plaintiffs' proprietary materials." D.I. 24 ¶ 66. And Corgi's request for rescission, Opp. at 14, cannot stave off preemption. "For the purposes of preemption analysis, it is the cause of action, and not the specific relief requested, that matters." *Farina v. Nokia Inc.*, 625 F.3d 97, 133 (3d Cir. 2010).

### D. Corgi has not adequately pleaded a fraud claim.

Corgi's Opposition does not confront Defendants' squarely-on-point case law that a concealment-based fraud claim requires a "duty to disclose," D.I. 28 at 18–19; and it cites no affirmative duty by Ms. Wulff to disclose that she works for Vouch as well as Augmenta. Corgi persists in arguing that Ms. Wulff's failure to disclose that relationship created a "false overall impression," Opp. at 16, but, in the absence of a duty, that does not constitute fraud. *Nautilus Ins. Co. v. Day to Day Fashion, Inc.*, 2017 WL 5643182, at *3 (C.D. Cal. Aug. 8, 2017) (dismissing fraud claim based on defendants' omissions ***in an insurance application*** because the plaintiff "does not specify particular questions on the application form that required answers by the applicant concerning" omitted matters). The only affirmative statement from the application

Corgi points to is Augmenta's statement that it provides "Advisory services" (a true statement), Opp. at 16; but the FAC does not allege that Corgi relied on that representation. And because Corgi's fraud claim fails against Ms. Wulff, it necessarily fails against the Vouch Defendants whom Ms. Wulff allegedly acted on behalf of. Corgi's fraud claim is defective and should be dismissed.

### E. Corgi's claim for declaratory relief is moot and duplicative.

Corgi's Opposition does not rebut Defendants' argument that Corgi's declaratory relief claim is moot because the insurance policy is no longer in effect and requires no further obligations. *See* D.I. 28 at 19. Instead, Corgi now argues that the court must resolve this claim in order to determine whether Augmenta and Ms. Wulff may retain the policy documents that Corgi claims are trade secrets. Opp. at 17. But Corgi is already seeking that relief under its trade-secret and other theories. *See* D.I. 24 at 23 (Prayer for Relief). "A court should decline to entertain a declaratory judgment action . . . where there is a complete identity of factual and legal issues with another claim being adjudicated by the parties." *Chatham Fin. Corp. v. Milhaus, LLC*, 824 F. Supp. 3d. 494, 508 (D. Del. 2026). If Corgi's policy documents are trade secrets, Defendants will not maintain them; but if they are not, Defendants have no obligation to return them. In any event, the remedy rises and falls with the trade secret claims. To the extent the declaratory relief claim is not moot, the Court should dismiss it as duplicative and preempted.

### F. Corgi's Lanham Act false advertisement, DTPA, and trade libel claims should be dismissed because they are based on non-actionable puffery.

Corgi's "disparagement claims" (Counts VII-IX) are all predicated on a single, non-actionable statement of puffery—that the difference between the parties' products is "the difference between insurance that checks a box and insurance that actually pays." D.I. 24 at p. 13 ¶ 42; D.I. 28 at 19–21. As a matter of law, that is not a "specific and measurable claim, capable

of being proved false or of being reasonably interpreted as a statement of objective fact," *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 496 (5th Cir. 2000) (collecting cases), and Corgi cannot transform it into one through its own say-so.

Corgi's primary authority, *U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914 (3d Cir. 1990), does not help its case. In *U.S. Healthcare*, the Third Circuit found a television advertising statement actionable when it represented that Blue Cross's PPO plan "covers routine doctor visits, prescriptions, even pediatric care." *Id.* at 926. The court noted that was (1) an explicit statement about the advertiser's own services; (2) broadly disseminated on television; (3) and made in the context of a 6-month long "aggressive and provocative" multi-media comparative advertising "war." *Id.* at 925–27. Here, by contrast, the sole statement at issue involves wordplay and a general assertion of superiority. It is quintessential puffery.

Corgi also urges the court to punt this issue until later—but courts routinely dismiss disparagement claims based on puffery at the motion-to-dismiss phase. *See, e.g.*, *TYR Sport Inc. v. Warnaco Swimwear Inc.*, 679 F. Supp. 2d 1120, 1137 (C.D. Cal. 2009) (dismissing as puffery claims based on statement that customer "backed the wrong horse" and competitor was an "inferior product"); *Winner Acceptance Corp. v. Return on Cap. Corp.*, 2008 WL 5352063, at *8 (Del. Ch. Dec. 23, 2008) (dismissing claim based on representations of competitive superiority).

**G. The alleged statement is not "commercial advertising."**

Corgi's Lanham Act claim also fails to plead "commercial advertising." To be actionable under the Lanham Act, statements "must be widely disseminated and part of an organized campaign to penetrate the relevant market." *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 460–61 (D. N.J. 2009). Corgi acknowledges its claim is predicated on a single comment made to a prospective customer, Opp. at 19, but argues, incorrectly, that "wider dissemination" is implied because the parties compete against each other, *id*. The one case Corgi

cites, *Fashion Boutique of Short Hills Inc. v. Fendi USA, Inc.*, 314 F.3d 48 (2d Cir. 2002), rejected such an argument. There, the Court concluded that even *twenty-seven* statements to customers about a competitor were not "commercial advertising." *Id.* at 58. In short, "businesses harmed by isolated disparaging statements do not have redress under the Lanham Act." *Id.* at 57.

**H. Corgi fails to plead entitlement to injunctive relief and fails to plead the requisite territorial nexus to support a DTPA claim.**

Corgi concedes that it failed to plead a Delaware nexus for its DTPA claim, Opp. at 20, as the law clearly requires. *See Wright v. SLWM, LLC*, 2025 Del. Ch. LEXIS 335, at *2 (Del. Ch. Apr. 23, 2025). The DTPA claim therefore must fail. In addition, Corgi's argument that it alleged a "reasonable apprehension of a future wrong" because Corgi and Vouch are competitors, Opp. at 20, is insufficient. Corgi must plead "*facts* to suggest [Defendants'] comments are ongoing." *Tygon Peak Capital Mgmt., LLC v. Mobile Invs. Investco*, *LLC*, 2022 WL 34688, at *29 (Del. Ch. Jan. 4, 2022). Corgi has not done so.

**I. Corgi's trade libel claim is insufficiently pleaded.**

A trade libel claim requires concrete allegations of special damages. D.I. 28 at 23–24. In its FAC and in its Opposition, Corgi provides nothing but boilerplate allegations of harm. D.I. 24 ¶ 93; Opp. at 20. Corgi does not assert that it lost a single customer or suffered specific reputational harm. Therefore, even if malice may be "alleged generally," as Corgi suggests notwithstanding the numerous cases Defendants cite, Opp. at 20, the trade libel claim still fails.

**J. Corgi's tortious interference claim must be dismissed for failure to allege a nonspeculative business opportunity and independently wrongful act.**

The parties seem to agree that Corgi's tortious interference claim, which requires an independently wrongful act, cannot survive if the Lanham Act and DTPA claims fail. *Compare* D.I. 28 at 25 *with* Opp. at 21. Because those claims fail for the reasons stated above, the tortious interference claim likewise fails.

The tortious interference claim separately fails because the FAC does not allege the customer to whom the remark was made was a "specific party who was prepared to enter[] into a business relationship." *Organovo Holdings, Inc. v. Dimitrov*, 162 A.3d 102, 122 (Del. Ch. 2017); *see also Preston Hollow Cap. LLC v. Nuveen LLC*, 2020 WL 1814756, at *12 (Del. Ch. Apr. 9, 2020) ("Our courts reject . . . speculative prospects."). Corgi's reference to an unnamed "customer or prospective customer" (D.I. 24 at p. 13 ¶ 40) is not a concrete business opportunity, and Corgi doesn't even allege that it lost any business due to the supposed interference. *See* D.I. 24 at p. 14 ¶ 48. Where there is no *lost* opportunity, there can be no tortious interference claim.

### K. The Court should deny leave to amend.

This court should deny Corgi's request for leave to amend. On June 4, 2026, Defendants moved to dismiss Corgi's original complaint. D.I. 21–23. In response, two weeks later, Corgi amended its complaint, D.I. 24, adding four claims and subtracting another, but elected not to address any of the deficiencies Defendants had identified. A plaintiff who has been put on notice of pleading deficiencies and fails to cure them is not entitled to yet another bite at the apple. *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144–45 (3d Cir. 2002). Moreover, any amendment would be futile, because Corgi's claims are not just poorly pleaded; they are legally incapable of remedy. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. CONCLUSION

All of Corgi's claims (Counts I – X) should be dismissed with prejudice.

Respectfully submitted,

Dated: August 21, 2026

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*
Robert M. Vrana (No. 5666)
Parks L. Kingery (No. 7416)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
rvrana@ycst.com
pkingery@ycst.com

*Attorneys for Defendants Vouch, Inc. Vouch Specialty Insurance Services LLC, Vouch US Insurance Services Holdings LLC, Vouch Risk Management Services LLC, Kelly Wulff and Augmenta Advisory LLC*

*Of Counsel:*

KEKER, VAN NEST & PETERS LLP
Warren A. Braunig
Cody Gray
Jacqueline Concilla
Michaela M. Firmage
633 Battery Street
San Francisco, California 94111
(415) 391-5400
wbraunig@keker.com
cgray@keker.com
jconcilla@keker.com
mfirmage@keker.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 21, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**
Travis J. Ferguson
Amy R. Harriman
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 North King St., 8th Floor
Wilmington, DE 19801
tferguson@mccarter.com
aharriman@mccarter.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert M. Vrana*
Robert M. Vrana (No. 5666)
Parks L. Kingery (No. 7416)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
rvrana@ycst.com
pkingery@ycst.com

*Attorneys for Defendants Vouch, Inc., Vouch Specialty Insurance Services, LLC, Vouch US Insurance Services Holdings, LLC, Vouch Risk Management Services, LLC, Kelly Wulff, and Augmenta Advisory, LLC*